UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEDIST D. HIRPASSA,           )
                               )
            Plaintiff,         )
                               )
      v.                       )     Civil Action No. 08-1974 (RMC)
                               )
SARAH ALBERT,                  )
                               )
            Defendant.         )
                               ) | |

MEMORANDUM OPINION

This matter is before the Court on Defendant's motion to dismiss or, in the alternative, for a more definite statement. The motion to dismiss will be granted, and the motion for a more definite statement will be denied as moot.

I. BACKGROUND

In its entirety, Plaintiff's complaint states:

On February 27th, 2008, I Kedist D. Hirpassa was illegally arrested and detained by Secret Service Officer Sara Albert.

Compl. (emphasis in original). Defendant moves to dismiss the complaint on the ground that it fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See* Mem. in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, for a More Definite Statement ("Def.'s Mot.") at 2-3. Defendant argues that the complaint contains neither a short and plain statement of the ground upon which the Court's jurisdiction depends nor a short and plain statement of the claim showing that Plaintiff is

entitled to relief.[1] *See id.* (quoting Fed. R. Civ. P. 8(a)).

In her opposition to Defendant's motion, Plaintiff states that Defendant arrested and detained her illegally on February 27, 2008 in front of the White House, that Defendant "made a discriminative remark" to Plaintiff, that Defendant used excessive force in effecting her arrest, and that Defendant or Defendant's supervisor damaged her cell phone.  Pl.'s Mot. in Opp'n to [D]ismissal ("Pl.'s Opp'n").  Plaintiff alleges that she was "humiliated and emotionally abused" in this incident and that the criminal charges against her may "have an impact on [her] overall advancement," particularly if Plaintiff seeks employment in a security-related field.  *Id.*  Lastly, Plaintiff demands monetary compensation and other relief.  *Id.*

The Court construes the complaint as raising common law tort claims of defamation, false arrest and false imprisonment, and constitutional claims under the Fourth Amendment to the United States Constitution against Defendant in her individual capacity only.

## II. DISCUSSION

*A.. Dismissal Under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it

---

[1] In the alternative, Defendant moves under Rule 12(e) for a more definite statement, *see* Def.'s Mot. at 3-4, on the ground that the complaint "is so vague or ambiguous that [Defendant] cannot reasonably be required to frame a responsive pleading," Fed. R. Civ. P. 12(e).  Plaintiff's opposition serves the same purpose that a more definite statement would serve, and the Court will deny as moot Defendant's motion for a more definite statement.

tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (other citations omitted)). As the Supreme Court recently has instructed,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

### B. Constitutional Claims

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields public officials "from undue interference with their duties and from potentially disabling threats of liability," *id.* at 806, and is designed to dispose of "insubstantial lawsuits" on a motion to dismiss, before the point at which the defendant is required to engage in substantial litigation, *id.* at 808. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege

is "an immunity from suit rather than a mere defense to liability; and . . . is effectively lost if a case is erroneously permitted to go to trial." *Id*. Accordingly, the Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

By definition, qualified immunity is not absolute. However, "[a] plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue." *Davis v. Scherer*, 468 U.S. 183, 197 (1984). The Court considers, "then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show [that] the [Defendant's] conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts alleged do not show a constitutional violation, the inquiry ends. *Id*. at 207.

"*[A]ll* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985) (analyzing constitutionality of use of force under Fourth Amendment although complaint alleged violations of both Fourth Amendment and Fifth Amendment's Due Process Clause). Making an arrest "carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. at 396. Under the "objective reasonableness" standard of the Fourth Amendment, an officer has the authority to use "some degree of physical coercion or threat thereof" during the course of an arrest, and "not every push or shove, even if it may later seem unnecessary

in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* at 395-97.

Here, Plaintiff's assertions are conclusory at best, and are not supported by any allegations as to the actual force used, physical contact between the parties, or physical harm or injury resulting from the arrest. It is not enough to allege that Defendant "used excessive force while arresting [Plaintiff]." Pl.'s Opp'n. The Court cannot conclude from the allegations of the complaint that Defendant violated Plaintiff's Fourth Amendment rights. *See, e.g., Rogala v. District of Columbia*, 161 F.3d 44, 54 (D.C. Cir. 1999) (concluding that a police officer who grabbed the arrestee by the arm and pulled her out of the vehicle's passenger seat used a reasonable level of force and therefore committed no constitutional violation); *Martin v. Malhoyt*, 830 F.2d 237 (D.C. Cir. 1987) (finding that the arresting officer did not use excessive force by allegedly grabbing a driver by the waist, throwing him back into the driver's seat and slamming the door on his legs); *Robinson v. District of Columbia*, No. 03-1456, 2006 WL 2714913, at *4 (D.D.C. Sept. 22, 2006) (concluding that qualified immunity protected a police officer who "pushed plaintiff and shoved him onto the hood of his car, and held [him] down while putting the handcuffs on [his] wrists . . . tightly enough to cause swelling and abrasions, but [causing] no ongoing or permanent injury"); *Gee v. District of Columbia*, Nos. 04-1797 and 04-2042, 2005 WL 3276272, at *3 (D.D.C. Aug. 22, 2005) (concluding that qualified immunity protected a police officer who "took [the plaintiff's] right arm, and twisted it behind [his] back" while another officer "took [his] hand and forcible [sic] bent [his] neck forward causing injuries" to his back, neck, penis, arm and head). Absent factual allegations to support her claim of excessive force, the Court ends its inquiry. *See Johnson v. Williams*, 584 F. Supp. 2d 97, 106 (D.D.C. 2008) (declining to reach second step of the qualified immunity analysis because plaintiff's allegations as to police officers' conduct did not amount to a constitutional violation).

With the dismissal of Plaintiff's constitutional claim, the only claim over which this Court has original jurisdiction, the Court declines to consider the common law tort claims of defamation and false arrest. 28 U.S.C. § 1367(c)(3); *see Jackson v. Ponds*, 534 F. Supp. 2d 29, 32 (D.D.C. 2008) (dismissing contract and tort claims without prejudice under 28 U.S.C. § 1367(c)(3) upon dismissal of civil rights claim over which district court had original jurisdiction).

### III.  CONCLUSION

The Court concludes that qualified immunity protects Defendant from suit. Accordingly, Defendant's motion to dismiss will be granted. Plaintiff's common law tort claims of defamation, false arrest and false imprisonment will be dismissed without prejudice.

An Order accompanies this Memorandum Opinion.


DATE: August 31, 2009                                /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge